IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for PAUL QUARANTILLO, and JOHN C. BUSSE, trustees ad litem, LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA WELFARE AND PENSION FUNDS, THE CONSTRUCTION INDUSTRY ADVANCEMENT PROGRAM OF WESTERN PA FUND and the LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA and its affiliated local unions, <br><br> Plaintiff, <br><br> v. <br><br> C.J. KING & SONS, INC., KING ENTERPRISE, INC., JOSEPH KING and SHAUN KING, <br><br> Defendants. | Civil Action No. |

## COMPLAINT

### Count I

### Laborers' Combined Funds of Western Pennsylvania v. C.J. King & Sons, Inc. ERISA Collection Action

1. Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b), 29 U.S.C. §1104, §406, 29 U.S.C. §1106, §409, 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendants have failed to pay fringe benefit contributions and wage deductions to Plaintiff Funds in violation of a certain collective bargaining agreement entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**"), an employee

organization. This Court has federal question jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1331.

2. Plaintiff Laborers' Combined Funds of Western Pennsylvania, is a Pennsylvania non-profit corporation which maintains its principal place of business at 1109 Fifth Avenue, Pittsburgh, Pennsylvania 15219-6203. Paul Quarantillo is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western Pennsylvania Welfare and Pension Funds (hereinafter "**Funds**"). John C. Busse is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions, and the Construction Industry Advancement Program of Western PA Fund designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

5. Defendant C.J. King & Sons, Inc. ("**C.J. King**") is or was engaged in the construction business and maintains its principal place of business at 175 Airport Road, Belle Vernon, Pennsylvania 15012.

6. Defendant C.J. King has entered into a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which C.J. King was obligated to submit certain monthly payments

- 2 -

to Plaintiff for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

7. In violation of such Agreement, C.J. King has failed to make timely payments of principal contributions and wage deductions to Plaintiff for the period of July 2004 through January 2006, which has resulted in a principal deficiency of at least $28,072.53. In addition, interest through March 15, 2006 and late charges are due Plaintiff of at least $6,265.92, for a total deficiency of at least $34,338.45. Interest will continue to accrue after March 15, 2006 at the rate of at least $11.54 per day.

8. Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff for work performed by C.J. King or King Enterprise, Inc. ("**King Enterprise**") or remittance reports submitted by C.J. King to the Plaintiff until the termination of this case. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

9. Plaintiff has demanded payment of these amounts, but such Defendant has neglected and continues to neglect to pay such amounts.

10. Pursuant to ERISA, C.J. King is also obligated to Plaintiff to pay Plaintiff's reasonable attorneys' fees which Plaintiff submits equal twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total at least $6,867.69 through March 15, 2006. Plaintiff also claims attorneys' fees on any additional amounts shown to be due to Plaintiff until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

11. Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by C.J. King to the

- 3 -

Plaintiff until the termination of this case. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

12. Defendant C.J. King's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless such Defendant is ordered to specifically perform under the federal statutes and labor agreement and is restrained from continuing to refuse to perform as thereunder required.

14. Defendant C.J. King has ceased doing business under that name, but has continued to do business under the name King Enterprise.

WHEREFORE, Plaintiff demands the following relief against said Defendant C.J. King:

(a) A preliminary and/or permanent injunction enjoining Defendant C.J. King from violating the terms of such agreements and directing Defendant C.J. King to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining Defendant C.J. King from disposing of assets; and

(b) For Defendant C.J. King to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from February 2006 through the present; and

- 4 -

(c) For Defendant C.J. King to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant C.J. King's covered employees from January 1, 2004 through March 31, 2004 and August 29, 2004 to the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d) For a money judgment in favor of Plaintiff and against Defendant C.J. King in the sum of at least $41,206.14, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus late charges, attorneys' fees, and costs of suit; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

### Count II

### Laborers Combined Funds of Western Pennsylvania v. King Enterprise, Inc. as Alter-Ego/Successor to C.J. King & Sons, Inc.

15. The averments contained in paragraphs 1 through 14 are incorporated herein by reference.

16. Defendant King Enterprise, Inc. is a Pennsylvania corporation that also maintains a principal place of business at 175 Airport Road, Belle Vernon, Pennsylvania 15012, and was incorporated in Pennsylvania on November 1, 2002.

17. At all times material, Defendant King Enterprise was an alter-ego/successor to C.J. King.

- 5 -

18. By its conduct, Defendant King Enterprise impliedly assumed and/or has become liable for the debts and obligations of C.J. King.

19. At all times material, King Enterprise and C.J. King:

    (a) have held themselves out to vendors, vendees, owners, general contractors, employees and to the public as related business enterprises;

    (b) have used the same supplies, materials, equipment, vehicles and/or tools;

    (c) have employed the same type of work force in the similar jobs under the similar working conditions;

    (d) have engaged in the same type of business, i.e. earth excavation;

    (e) have used the same offices, telephones and facsimile machines;

    (f) have paid bills to others for its sister/predecessor company; and

    (g) have been owned and/or controlled by Defendants Joseph King and Shaun King, his son.

20. In order to avoid liabilities to its creditors, Defendant C.J. King through its owners, officers and key principals, Joseph King and Shaun King, have:

    (a) obtained construction contracts and then transferred such work to King Enterprise in an effort to minimize the cash assets owned by C.J. King and/or Defendants Joseph King and Shaun King;

    (b) transferred vehicles and equipment owned by C.J. King to be used by King Enterprise without fair consideration;

- 6 -

(c) moved assets owned by C.J. King to or for the benefit of King Enterprise;

(d) allowed King Enterprise to use the offices of C.J. King with no rent being paid;

(e) permitted Joseph King to provide services to King Enterprise without fair compensation while still employed by C.J. King.

21. By virtue of the acts and conduct described above, Defendant King Enterprise was and is the alter-ego and/or legal successor of/to C.J. King and is bound by the terms of the Agreement and/or liable for all monies due and owing to the Plaintiff arising from work by Defendants C.J. King and King Enterprise.

WHEREFORE, Plaintiff demands the following relief against said King Enterprise:

(a) A preliminary and/or permanent injunction enjoining King Enterprise from violating the terms of such agreements and directing King Enterprise to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining King Enterprise from disposing of assets; and

(b) For King Enterprise to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from November 1, 2002 through the present; and

(c) For King Enterprise to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees from November 1, 2002 to the present to enable

- 7 -

Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

(d) For a money judgment in favor of Plaintiff and against King Enterprise in the sum of at least $59,071.17, plus such additional amounts shown to be owed to Plaintiff until termination of this case, additional interest from March 5, 2006 and costs of suit. The amount claimed includes the remaining amounts under the judgments entered on behalf of the Funds and against C.J. King & Sons, Inc. at Civil Action Nos. 03-32 and 04-148; and

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

**Count III**

**Laborers Combined Funds et al. v. King Enterprise, Inc.**
**ERISA Single Employer Action**

22. The averments contained in paragraphs 1 through 21 are hereby incorporated herein by reference.

23. Through their conduct and at all times material C.J. King and King Enterprise were a single employer owned and/or controlled by Joseph King and Shaun King, son of Joseph King.

24. On information and belief, C.J. King and King Enterprise have:

(a) interrelated operations;

(b) common management and supervision;

- 8 -

 (c) centralized control of labor operations; and

 (d) common ownership and/or control.

25. By virtue of the above acts and conduct described above, Defendant King Enterprise is bound by the terms of the Agreement and/or liable for all monies due and owing of C.J. King or King Enterprise to the Plaintiff Funds as described above, arising from work performed by laborers.

WHEREFORE, Plaintiff demands the following relief against said King Enterprise:

(a) A preliminary and/or permanent injunction enjoining King Enterprise from violating the terms of such agreements and directing King Enterprise to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such agreements, and enjoining King Enterprise from disposing of assets; and

(b) For King Enterprise to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations from November 1, 2002 through the present; and

(c) For King Enterprise to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant's covered employees from November 1, 2002 to the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant King Enterprise to the Plaintiff; and

(d) For a money judgment in favor of Plaintiff and against King Enterprise in the sum of at least $59,071.17, plus such additional amounts shown to be owed to Plaintiff until termination of this case, additional interest from March 15, 2006 and costs of suit. The amount claimed includes the remaining amounts under the judgments entered on behalf of the Funds and against C.J. King & Sons, Inc. at Civil Action Nos. 03-32 and 04-148;

(e) For the Court to retain jurisdiction of the case pending compliance with its orders; and

(f) For such other and further relief as the Court may deem just.

### Count IV

### Laborers' Combined Funds of Western Pennsylvania v. Joseph King and Shaun King
### Pierce the Corporate Veil

26. The averments contained in paragraphs 1 through 25 of this Complaint are hereby incorporated by reference herein.

27. At all times material, Defendants Joseph King and Shaun King, his son, exercised responsibility for managing the day to day corporate affairs of C.J. King and King Enterprise.

28. At all times material hereto, Joseph King and Shaun King, in the supervision and operation of C.J. King and King Enterprise have:

(a) failed to observe the required corporate formalities;

(b) diverted funds from C.J. King, an insolvent corporation, in order to avoid the claims of creditors, including the Funds;

- 10 -

LIT:358200-1 000004-010359

(c) allowed vehicles and equipment owned and/or used by C.J. King to be used by King Enterprise without adequate consideration;

(d) allowed King Enterprise to use the office, telephone, fax, and other facilities owned or rented by C.J. King without adequate consideration;

(e) created and undercapitalized C.J. King to serve as a facade for the operations of the dominant principals, Joseph King and Shaun King; and

(f) used the corporate legal entities of C.J. King and King Enterprise in furtherance of wrongdoing, illegality and/or injustice.

29. Plaintiff Funds will suffer immediate, continuing and irreparable injury and damage if Defendant Joseph King and Shaun King are permitted to continue to hide behind the corporate veil of C.J. King and King Enterprise.

WHEREFORE, Plaintiff Funds demand that Defendants Joseph King and Shaun King be held jointly and severally liable for all of the indebtedness of these corporate Defendants to the Funds through the entry of a money judgment in favor of Plaintiff against Defendants Joseph King and Shaun King in the sum of at least $59,071.17, plus such additional amounts shown to be owed to Plaintiff until termination of this case, additional interest from March 15, 2006 and costs of suit.

LIT:358200-1 000004-010359

**Count V**

**Laborers' Combined Funds of Western Pennsylvania v. Joseph King and Shaun King
ERISA Breach of Fiduciary Duty Action**

30. The averments contained in paragraphs 1 through 13 are hereby incorporated herein by reference. This Court has federal question jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1331.

31. At all times material hereto, individual defendants Joseph King and Shaun King served as a the sole officers, managers and principals (hereinafter referred to as "**Principals**") of C.J. King and King Enterprise at the business address listed in Paragraph 5 of this Complaint.

32. As Principals of C.J. King and King Enterprise, Defendants Joseph King and Shaun King were responsible for collection of all monies payable to C.J. King and King Enterprise resulting from the labor performed by laborers covered under such Agreement.

33. As Principals of C.J. King and King Enterprise, Defendants Joseph King and Shaun King were responsible for submitting monthly remittance reports and fringe benefit contributions to the Plaintiff.

34. As Principals of C.J. King and King Enterprise, Defendants Joseph King and Shaun King had the authority to make decisions as to what obligations and/or payments of C.J. King and King Enterprise were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

35. At the time such fringe benefit contributions became due and payable by C.J. King and/or King Enterprise to the Funds, such monies became assets of the Funds.

36. Based upon the foregoing, Defendants Joseph King and Shaun King constitute "fiduciaries" under ERISA.

37. Defendants Joseph King and Shaun King breached their fiduciary duties to the Funds by failing to pay to the Plaintiff such contributions once they became due and payable and are therefore liable for all fringe benefits and associated interest, late charges, attorneys' fees, and legal costs owed by Defendants Joseph King and Shaun King to the Plaintiff.

38. Plaintiff has demanded from Defendants Joseph King and Shaun King payment of all such amounts due, but such individual defendant has neglected and continues to neglect to pay such amounts.

WHEREFORE, Plaintiff demands that judgment be entered against Defendants Joseph King and Shaun King in the amount of at least $37,909.64, plus interest from March 15, 2006, attorneys' fees and legal costs.

**Count VI**

**Laborers' Combined Funds of Western Pennsylvania v. Joseph King and Shaun King
State Common Law Conversion Action**

39. The averments contained in paragraphs 1 through 11 of this Complaint are hereby incorporated herein by reference. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

40. Pursuant to such Agreement, C.J. King withheld monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff.

41. In violation of such Agreement, C.J. King failed to remit such deductions for union dues and legislative funds to the Plaintiff.

- 13 -

42. At all times relevant to this action, Defendants Joseph King and Shaun King had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

43. Defendants Joseph King and Shaun King exercised dominion and control over the employee wage withholdings totaling at least $2,245.80, and authorized and/or permitted such monies to be used to pay other obligations of C.J. King, King Enterprise and/or the debts of individual Defendants and/or others.

44. Based upon the foregoing, Defendants Joseph King and Shaun King intentionally converted such monies that were rightfully due and payable to the Plaintiff.

45. Plaintiff is also entitled to receive from Defendants Joseph King and Shaun King interest through March 15, 2006 on such late payments of at least $250.79, plus additional interest from March 15, 2006 of at least $ .92 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendants Joseph King and Shaun King in the amount of at least $2,496.59 plus additional interest from March 15, 2006 and costs of suit.

TUCKER ARENSBERG, P.C.

By: /s/ Jeffrey J. Leech
Jeffrey J. Leech, Esquire
PA I.D. No. 19814
Neil J. Gregorio, Esquire
PA I.D. No. 90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff
Laborers Combined Funds of Western PA

LIT:358200-1 000004-010359